IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-310-GCM
(3:09-cr-16-GCM-1)

| | |
|---|---|
| EDWIN DONTA SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255, and his alternative claims for relief which he filed through counsel. For the reasons that follow, Petitioner's § 2255 motion and his alternative claims for relief will be denied.

### I. BACKGROUND

A grand jury in this district indicted Petitioner on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), after finding that Petitioner possessed a firearm after having been convicted on August 21, 2007, on one count in North Carolina state court of bringing a weapon or weapons onto educational property. (3:09-cr-16-GCM, Doc. No. 1: Indictment). Petitioner elected to plead guilty to the one charge in his indictment without benefit of a plea agreement and his guilty plea was accepted on June 23, 2009, after the court found that it was knowingly and voluntarily entered. The U.S. Probation Office prepared a presentence investigation report (PSR) in advance of Petitioner's sentencing hearing. The PSR identified Petitioner's 2007 state conviction that was alleged in the indictment

1

and for which Petitioner received a 6-month suspended term of imprisonment. (Id., Doc. No. 16: PSR ¶ 23). The PSR also noted, among other convictions, a 2005 federal conviction for possession of a firearm by a convicted felon which Petitioner sustained in this district and for which he was sentenced to an active term of 46-months' imprisonment. (Id. ¶ 28). After the parties were allowed to comment on the contents of the PSR, Petitioner appeared with counsel for his sentencing hearing and he was sentenced to a term of 63-months' active imprisonment and he did not appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 2255

Petitioner, in his pro se capacity, and through counsel, contends that he is entitled to relief in this collateral proceeding based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that he no longer has a valid predicate state conviction to support his 2010 conviction for being a felon-in-possession of a firearm because the North Carolina conviction for bringing a weapon or weapons onto school property, for which he was given a 6-month suspended sentence, could not have subjected him to

2

a term in excess of one year in prison.[1]

In Simmons, the Court held that in order for a prior felony conviction to serve as a predicate offense, in this case an offense to support § 922(g) charge, the individual defendant must have been convicted of an offense for which *that* defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243-45 (emphasis added). In reaching this conclusion, the Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law], we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Simmons, 649 F.3d at 241 (quoting Harp, 406 F.3d at 246).

In Miller v. United States, the Fourth Circuit held that the holding in Simmons applied retroactively to cases on collateral review. In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding following Miller's conviction for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in this district indicted Miller for the Section 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina which was punishable by more than one year in prison under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine and the felony offense of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each of those state convictions.

Miller did not appeal his § 922(g) conviction. Instead, some four years after his judgment

---

[1] See Miller v. United States, 735 F.3d 141, 144 (4th Cir. 2013) ("What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were held.") (quoting 18 U.S.C. § 921(a)(20)).

became final he filed a Section 2255 motion contending that in light of the holding in Simmons he was actually innocent because he did not have valid prior state convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could have supported his § 922(g) conviction. The district court denied collateral relief and Miller appealed.

In its opinion, the Miller Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-existing precedent. Miller, 735 F.3d at 143-44 (citing Harp, 406 F.3d at 246). The Court then explained that the subsequent en banc decision in Simmons had expressly overruled Harp by holding that whether a prior North Carolina conviction exposed a defendant to more than one year in prison can only be determined by examining the criminal record of the individual defendant before the sentencing court and not a hypothetical defendant with the worst possible criminal record. Id. at 143. The Court observed that Miller, who had not been convicted of an offense for which he could have been sentenced to in excess of one year under North Carolina's Structured Sentencing Act, no longer had a predicate state conviction to support his § 922(g) conviction.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, 735 F.3d at 147. The Court then concluded that the substantive rule announced in Simmons is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

Notwithstanding the Fourth Circuit's express holding in Miller, Petitioner's claim for relief fails because subsequent to his 1997 North Carolina state conviction for bringing a weapon or weapons onto to school property – which no party disputes was a valid felony prior to Simmons – Petitioner was convicted in this district on May 18, 2005, of being a felon-in-possession of a firearm and he was sentenced to 46-months' imprisonment. See (3:09-cr-16, Doc. No. 16: PSR ¶ 28 (Case No. 3:04-cr-122)). Accordingly, Petitioner had a valid, predicate felony conviction at the time that he pleaded guilty in 2009 to the offense of being a felon-in-possession of a firearm in Case No. 3:09-cr-16-GCM. See United States v. Neal, 458 F. App'x 246, 247-48 (4th Cir. 2011) (unpublished) ("[A]ny subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date the defendant possessed the firearm.") (citing United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998)).

Based on the foregoing authority, the Court finds that Petitioner's § 2255 motion should be denied.

### B. Section 2241

Petitioner has also pled alternative claims for relief by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and through petitions for a writ of error coram nobis or audita querela.

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th

Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

As noted above, Petitioner's 2010 Section 922(g) conviction was based on a valid 2005 Section 922(g) conviction in this district and the substantive change in law as set forth in Simmons and Miller did not serve to render his 2010 § 922(g) conviction noncriminal. For the foregoing reasons, Petitioner's Section 2241 motion will be denied.

### C. Coram Nobis Relief

Relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"), abrogated on other grounds by, Chaidez v. United States, 133 S.Ct. 1103 (2013).

It appears from the Federal Bureau of Prisons website that Petitioner may have been released on February 28, 2014, however that still does not entitle him to relief because his 2010 Section 922(g) conviction was based on a valid 2005 federal felony conviction. This claim for relief will therefore be denied.

### D. Writ of Audita Querela

Finally, the Court finds that the writ of audita querela is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). For the reasons stated herein, this petition will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, as supplemented, is **DENIED** and **DISMISSED with prejudice**. [Doc. Nos. 1, 2].

2. Petitioner's Section 2241 motion is **DENIED**.

3. Petitioner's petition for a writ of coram nobis is **DENIED**.

4. Petitioner's petition for a writ of audita querela is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that

the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 2, 2014

Graham C. Mullen
United States District Judge